# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. GLENN SCHWARZ,
Petitioner,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
CB-1208-17-0022-U-3

DATE: August 10, 2017

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Sheryl Golkow, Dallas, Texas, for the petitioner.

Malvina Winston, Washington D.C., for the petitioner.

Cheri L. Cannon, Esquire, and Smenta K. Chabbra, Esquire, Washington, D.C., for the relator.

Malcolm G. Schaefer, Esquire, Cherry Point, North Carolina, for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests an extension of the previously granted stay of the agency's removal of Mr. Schwarz.  For the reasons discussed below, OSC's request is GRANTED IN PART and the stay is extended through October 12, 2017.

**BACKGROUND**

¶2        On June 28, 2017, OSC requested a 45-day initial stay of the agency's June 8, 2017 decision to reinstate Mr. Schwarz's removal for allegedly violating a settlement and abeyance agreement.  *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-1, Stay Request File (U-1 SRF), Tab 1.  Mr. Schwarz previously had filed a complaint of whistleblower reprisal with OSC on September 10, 2016, which was resolved via a November 22, 2016 settlement agreement.  *Id.* at 7.  As part of the settlement agreement, the agency agreed to hold Mr. Schwarz's pending removal action in abeyance for a period of 2 years, provided that he complied with certain performance and conduct standards.  *Id.*

¶3        In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency reinstated Mr. Schwarz's removal based on reprisal for protected disclosures Mr. Schwarz had made concerning the agency's improper testing of aircraft fueling equipment and improper testing and disposing of jet fuel.  *Id.* at 10-15.  OSC further asserted that an investigation by the agency's Inspector General substantiated Mr. Schwarz's disclosures.  *Id.* at 6. On June 30, 2017, OSC's initial stay request was granted.  U-1 SRF, Tab 2.

¶4        On July 5, 2017, the agency filed a motion to terminate the stay, contending that the Board lacks jurisdiction because, as part of the settlement agreement, Mr. Schwarz agreed to waive his right to appeal his removal to the Board.  *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-2, Stay Request File (U-2 SRF), Tab 1.

The Board denied the agency's motion, finding that the June 8, 2017 removal was a personnel action under 5 U.S.C. § 2302(a)(2)(A) and, therefore, subject to the Board's stay authority.  U-2 SRF, Tab 10.

¶5        On July 28, 2017, OSC filed a timely request to extend the stay for an additional 90 days.  *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-3, Stay Request File (U-3 SRF), Tab 2.  The agency has filed a timely response.[2]  U-3 SRF, Tab 3.

## ANALYSIS

¶6        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter.  *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997).  The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may grant the extension for any period that it considers appropriate.  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶7        In its request for an extension, OSC asserts that, although it has begun its investigation, interviewed Mr. Schwarz, and identified witnesses, it also had to spend time during the initial stay responding to the agency's motion to terminate.

---

[2] The agency also has filed a motion in limine seeking to limit the scope of OSC's investigation to post-settlement claims.  U-3 SRF, Tab 3.  The relator and OSC subsequently filed separate responses in opposition to the agency's motion in limine.  U-3 SRF, Tabs 3-4.  The agency's motion is denied because the agency has not cited to any law, rule, or regulation investing the Board with authority over OSC's investigation.  Further, the fact that OSC seeks information related to pre-settlement events does not mean that it is improperly investigating settled claims of whistleblower reprisal, as the agency contends.  Rather, such information could be relevant to show evidence of retaliatory motive related to Mr. Schwarz's June 8, 2017 removal.

U-3 SRF, Tab 2 at 4. OSC further asserts that it needs additional time to review the large quantity of relevant reports and documents and to interview witnesses. *Id.* The agency counters that a shorter extension is warranted because OSC's investigation is overbroad and mostly seeks information relevant to Mr. Schwarz's allegations of pre-settlement whistleblower reprisal that were resolved via the November 22, 2016 settlement agreement. U-3 SRF, Tab 3 at 11-13, 20-21. The agency also contends that it has put forth strong evidence that the deciding official would have removed Mr. Schwarz pursuant to the settlement agreement for, among other things, improper attestation of his time and attendance, absent his protected disclosures. *Id.* at 10-11, 19-20. At this stage, and in light of the fact that the evidentiary record supporting OSC's initial stay request does not appear to have materially changed since the Board granted the initial stay, it is appropriate to extend the stay through October 12, 2017. *See Special Counsel ex rel. Waddell v. Department of Justice*, 103 M.S.P.R. 372, ¶ 5 (2006).

## ORDER

¶8        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby granted, and it is ORDERED as follows:

(1)    The stay issued on June 30, 2017, is extended through and including October 12, 2017, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes to Mr. Schwarz's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement that is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)     Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[3] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before September 27, 2017; and

(5)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before October 4, 2017.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

[3] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.